UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Civil Action No. _____ |
| Plaintiff, | **COMPLAINT** **AND DEMAND FOR JURY TRIAL** |
| -against- | **INJUNCTIVE RELIEF SOUGHT** |
| CHRISTINI'S, INC., D/B/A CHRISTINI'S RISTORANTE ITALIANO, | |
| Defendant. | |

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful sex-based and retaliatory employment practices and to provide appropriate relief to Charging Party Jameslyn A. Marcisz ("Marcisz"), who was adversely affected by such practices. As alleged with greater specificity below, Defendant Christini's, Inc., d/b/a Christini's Ristorante Italiano ("Christini's") subjected Ms. Marcisz, a bartender, to a sexually hostile work environment based on her sex. The sexual harassment directed at Ms. Marcisz included unwelcome, sexually charged comments and conduct. Christini's terminated Ms. Marcisz's employment in retaliation for complaining of the same.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C.

§ 2000e-5(f)(1) and (3), and Section 102 of Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      Christini's principal place of business is within the jurisdiction of the U.S. District Court for the Middle District of Florida, Orlando Division.

## PARTIES

3.      Plaintiff   U.S.   Equal   Employment   Opportunity   Commission (the "Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      Defendant Christini's, a Florida corporation, has continuously done business in Florida, with its principal place of business in Orlando, Florida, and at all relevant times, employed at least 15 employees.

5.      At all relevant times, Christini's has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## CONDITIONS PRECEDENT

6.      More than thirty days prior to the institution of this lawsuit, Ms. Marcisz filed a Charge of Discrimination with the Commission alleging that Christini's violated Title VII.

7.      The Commission issued a Letter of Determination on May 18, 2018, finding reasonable cause to believe that the harassment and retaliation alleged occurred.

8.      Prior to initiating this lawsuit, the Commission attempted to correct the unlawful employment practices alleged herein through informal methods of conciliation,

2

conference, and persuasion, to remedy the discriminatory practices and provide appropriate relief.

9.      All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

10.     Christini's is an Italian restaurant located in Orlando's famous "Restaurant Row." It is owned and operated by Chris Christakos, a/k/a Chris Christini ("Christini").

11.     Ms. Marcisz is a 34 year old female.  She is married and has two children.

12.     Ms. Marcisz was employed by Christini's as a bartender from on or about August 2, 2015 until the termination of her employment on March 10, 2017.

13.     As a bartender at Christini's, Ms. Marcisz was responsible for preparing nearly all beverages ordered by restaurant patrons during her shifts.

14.     Throughout her employment, Ms. Marcisz was qualified for her position and performed her duties in a professional and competent manner.

15.     Mr. Christini created, permitted and encouraged a workplace environment that made unwelcome, sexually charged comments and conduct permissible and commonplace.

16.     Throughout her employment, Christini's subjected Ms. Marcisz to a sexually hostile work environment based on her sex.

17.     Christini's management, including its owner, and other personnel, subjected Ms. Marcisz to unwelcome, sexually charged comments.  Ms. Marcisz was also subjected to unwelcome, sexually charged conduct by a manager.

18.     The unwelcome, sexually charged comments and conduct to which Ms. Marcisz

3

was subjected included, but were not limited to, the following:

    a.  Being repeatedly propositioned to go out on dates;

    b.  Being described to patrons as single and available to be taken out by them on dates;

    c.  Being the subject of come-ons and other sexual innuendo;

    d.  Being told to dress "sexy" and "date ready;"

    e.  Being the subject of discussion regarding her physical appearance; and

    f.  Being trapped behind the restaurant's bar against her will.

19.    Ms. Marcisz rejected unwelcome advances, comments, and conduct. Nevertheless, the harassment continued unabated.

20.    On March 10, 2017, Ms. Marcisz contacted Mr. Christini and complained of sexual harassment.

21.    Soon thereafter, Mr. Christini terminated Ms. Marcisz's employment in retaliation for complaining of sexual harassment, and told her to "get the fuck out of [his] restaurant."

22.    Ms. Marcisz has suffered damages as a result of the conduct described herein.

STATEMENT OF CLAIMS

23.    Paragraphs 10 through 22 are fully incorporated herein.

24.    Christini's engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Ms. Marcisz to a sexually hostile work environment.

4

25.     Christini's engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by terminating Ms. Marcisz's employment in retaliation for her engaging in protected activity.

26.     The effect of the practices complained of in paragraphs 10 through 22, above, has been to affect the terms and conditions of employment for Ms. Marcisz, to deprive Ms. Marcisz of equal employment opportunities, and to otherwise adversely affect her status as an employee because of her sex and/or in an effort to retaliate against her for engaging in protected activity.    The unlawful employment practices complained of in paragraphs 10 through 22, above, were intentional.

27.     The unlawful employment practices complained of in paragraphs 10 through 22, above, were done with malice or with reckless indifference to Ms. Marcisz's federally protected rights.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Christini's, its officers, agents, servants, managers, employees, and all persons in active concert or participation with them, from participating in discriminatory conduct based on sex including, but not limited to, permitting a sexually hostile work environment and/or retaliating against employees who engage in statutorily protected activity in the workplace;

B.      Order Christini's to institute and carry out policies, practices, and programs which provide equal employment opportunities for women;

C.    Order Christini's to make Ms. Marcisz whole by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Christini's unlawful employment practices;

D.    Order Christini's to make Ms. Marcisz whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

E.    Order Christini's to pay Ms. Marcisz punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial;

F.    Grant such further relief as the Court deems necessary and proper in the public interest; and

G.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Date: September 27, 2018

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, DC 20507

6

ROBERT E. WEISBERG
Regional Attorney
Florida Bar No. 285676


KIMBERLY A. CRUZ
Supervisory Trial Attorney
Florida Bar No. 153729

_____
ROBERT L. ADLER
Trial Counsel
Florida Bar No. 1004597

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, FL 33131
Phone: (305) 808-1783
Fax: (305) 808-1835
robert.adler@eeoc.gov

*Attorneys for Plaintiff*