# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>JAMESLYN MARCISZ,<br><br>Plaintiff-Intervenor,<br><br>-against-<br><br>CHRISTINI'S, INC., D/B/A CHRISTINI'S RISTORANTE ITALIANO,<br><br>Defendant. | Civil Action No. 6:18-cv-1609-CEM-TBS |

## CONSENT DECREE

This Consent Decree ("Decree") is made and entered into by and between Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC"), and Defendant Christini's, Inc. ("Defendant" or "Christini's"). The EEOC and Defendant are collectively referred to as the "Parties" throughout this Decree.

## INTRODUCTION

1. The EEOC filed this action on September 27, 2018, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et. seq.* ("Title VII") to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Charging Party Jameslyn Marcisz ("Ms. Marcisz" or "Charging Party").

2. On October 30, 2018, the Court granted Ms. Marcisz's Motion to Intervene.

3. The EEOC alleges that Christini's violated Title VII by subjecting Charging Party to a sexually hostile work environment while employed at Christini's and that Christini's unlawfully terminated Charging Party in retaliation for her complaints about the same.

4. Christini's and its owners, employees, managers, and agents specifically deny the allegations made by Charging Party and state that such allegations are wholly without merit.

5. In the interest of resolving this matter, to avoid further cost of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree. This Decree is final and binding on the Parties, their successors, and assigns.

6. No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. By mutual agreement of the Parties in writing, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

7. If one or more of the provisions are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

8. This Decree fully and finally resolves all claims asserted by the EEOC in its Complaint against Defendant (Case No: 6:18-cv-1609-CEM-TBS), based on EEOC Charge Number 511-2017-02135. The Parties further agree that this Decree does not resolve any Charges of Discrimination that may be pending with the EEOC against Christini's other than the Charge Number referred to in this Paragraph.

9.    Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

    a.    This Court has jurisdiction over the subject matter of this action and the Parties, and will retain jurisdiction for the duration of this Decree.

    b.    No party shall contest the jurisdiction of this federal Court to enforce this Decree and its terms or the right of the EEOC to bring an enforcement suit upon alleged breach of any term(s) of this Decree.

    c.    The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the Charging Parties and the public interest are adequately protected by this Decree.

    d.    This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of Charging Party, Christini's, the EEOC and the public.

    e.    The terms of this Decree are and shall be binding upon Christini's, its present and future agents, directors, officers, successors and assigns.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

## GENERAL INJUNCTIVE PROVISIONS

10.    Defendant, its owner, and all of Defendant's officers, managers, supervisors, employees, agents, partners, successors and assigns, are enjoined from engaging in, encouraging or permitting unlawful conduct that discriminates on the basis of sex in violation of Title VII, including conduct which forms a sexually hostile work environment.

11. Defendant, its owner, and all of Defendant's officers, managers, supervisors, employees, agents, partners, successors and assigns, are enjoined from engaging in any form of retaliation against any person, including Charging Party, because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or assisting and/or participating in any manner in any investigation, proceeding, or lawsuit as a result of an employment practice in violation of Title VII.

## MONETARY RELIEF

12. In settlement of all claims asserted in the Complaint filed by the EEOC in this action, Defendant shall pay the total gross amount of $80,000 (the "Settlement Amount"), which represents back pay, compensatory and punitive damages. This Settlement Amount shall be the full and final amount Defendant shall pay to settle the claims brought by the EEOC on its behalf and on behalf of the Charging Party.

13. Within fourteen (14) calendar days of the entry of this Decree, Defendant shall pay monetary damages to Charging Party in two separate checks as follows:

    a. A check in the amount of $10,000.00 representing back pay, made payable to "Jameslyn Marcisz;" and

    b. A check in the amount of $70,000.00 representing compensatory and punitive damages authorized under Title VII, made payable to "Whittel & Melton Trust Account, f/b/o Jameslyn Marcisz."

14. Defendant will make all applicable withholdings from the back pay award for federal, state, and local income taxes, and for employee Social Security taxes pursuant to the

Federal Insurance Contribution Act ("FICA"), and Defendant will be responsible for paying its employer share of any costs, taxes, or Social Security required by law.

15. Defendant will issue an IRS W-2 form for the payment allocated to Charging Party's back pay award, and will issue withholding statements detailing all legal withholding made at the time the checks are issued. Defendant will also issue an IRS 1099 form for the payment allocated to damages other than back pay. The checks and IRS forms will be mailed by overnight mail to Ms. Jameslyn Marcisz, c/o Jay Lechner, Esq., Whittel & Melton, LLC, 11020 Northcliffe Blvd., Springhill, Florida 34608. Copies of these payments and related documents (including copies of IRS Forms) shall be sent to the EEOC to the attention of Regional Attorney Robert E. Weisberg and Trial Attorney Robert L. Adler via email at the following email addresses, with the Subject Line: "Christini's Ristorante Italiano Consent Decree:" robert.weisberg@eeoc.gov and robert.adler@eeoc.gov.

16. If Defendant fails to tender the payments described in Paragraphs 12 through 15 above, then Defendant shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. §6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay.

## POSITIVE JOB REFERENCE

17. If at any time, either during or after the term of this Consent Decree, Defendant receives any inquiries regarding the employment of Charging Party, in lieu of an oral response, Defendant shall provide a copy of the letter attached as Exhibit "A." Defendant shall provide no negative information whatsoever about Charging Party and shall not make mention of any charge of discrimination or retaliation, allegation of discrimination or retaliation, or this lawsuit, as part of any reference.

18. During the term of this Decree, within ten (10) business days of responding to any inquiry regarding the employment of Charging Party, Defendant shall report compliance in writing to the EEOC, including the name and address of the person or entity to whom the written reference was provided.

### INDEPENDENT EEO COMPLAINT HOTLINE

19. Christini's shall retain the services of an independent third-party business entity to provide and operate a dedicated EEO telephone "hotline" for Defendant's employees to report incidents of sexual harassment, the existence of a hostile work environment and/or discrimination/retaliation. The entity providing the dedicated EEO telephone "hotline" shall have as its primary business the provision of such services and have no previous financial relationship with Defendant, its owner, or any of its attorneys, employees, or agents. The EEOC will not unreasonably withhold approval of an EEO telephone "hotline" operator proposed to it by Defendant.

20. The EEO telephone "hotline" operator selection process shall be as follows:

   a. Within thirty (30) days from the Court's execution of this Decree, Defendant shall provide the EEOC with the name and business contact information of proposed EEO telephone "hotline" operators; and

   b. The EEOC shall have five (5) business days to inform Defendant if it disapproves of Defendant's proposed EEO telephone "hotline" operator.

21. Each proposed EEO telephone "hotline" operator must submit a statement of independence, under oath, confirming that he or she has no prior financial relationship with Defendant, its owner or any of its attorneys, employees, or agents.

22. The EEO telephone "hotline" operator shall perform services to ensure compliance with this Decree as outlined herein and shall have the authority and obligation to:

   a. Provide a dedicated EEO telephone "hotline" for Defendant's employees to report incidents of sexual harassment, the existence of a hostile work environment and/or discrimination/retaliation;

   b. Maintain detailed written records of all reports and complaints; and

   c. Forward to Defendant copies of the written records described above immediately for review and action by the Defendant, and with no less frequency than required to comply with the Reporting requirements of this Consent Decree as described below.

23. All costs incurred for the EEO telephone "hotline" operator's services will be paid by Defendant.

## ADOPTION AND DISTRIBUTION OF POLICY
## AGAINST SEX DISCRIMINATION

24. Christini's must create, disseminate and implement an anti-harassment policy (the "Policy"), consistent with this Decree.

25. The Policy shall include a formal, written policy addressing allegations of sexual harassment that makes clear Defendant's commitment to empowering employees to speak up against harassment and to non-retaliation by making clear that any employee who speaks up against harassment will be protected from negative repercussions.

26. The Policy must specify that complaints of sex-based harassment, discrimination, and/or retaliation may be made to the third-party EEO telephone "hotline" designated for the reporting of such complaints.

27. The Policy must clearly define prohibited conduct and specifically prohibit sex-based harassment, discrimination, and/or retaliation in the workplace including that perpetrated by Christini's management, employees, customers, clients and vendors.

28. The Policy must provide examples of prohibited conduct, including, but not limited to, the following:

   a. <u>Verbal</u>: Jokes, insults and innuendoes based on sex; degrading sexual remarks; comments or questions on a person's body or sex life; pressures for sexual favors; and use of inappropriate sexually offensive language.

   b. <u>Non-Verbal</u>: Touching in an unwelcome manner; and displaying sexually suggestive or degrading pictures.

29. The Policy must also specify the following:

   a. Prohibited behavior will not be tolerated from its management, employees, customers, clients, vendors or any other persons present at any of Defendant's premises or where Defendant conducts business;

   b. Employees who make such complaints or provide information related to such complaints will be protected against retaliation;

   c. Employees will not be required to complain of sex-based discrimination or retaliation directly to the individual that is engaging or engaged in the discriminatory or retaliatory behavior;

   d. Defendant will take immediate and appropriate corrective action when it determines that sex-based discrimination or retaliation has occurred; and

   e. Managers and employees who violate the policy are subject to discipline, up to and including discharge.

30. The Policy must also address social media as a possible means of workplace harassment and should make clear that mistreatment on social media carries the weight of any other workplace interaction. To that end, the Policy should include rules concerning the social media connections between managers and supervisors and others with anti-harassment responsibilities and employees.

31. A copy of the Policy will be provided to the EEOC for review within thirty (30) days of the Court's execution of this Decree. Thereafter, copies of the Policy will be distributed to each of Christini's employees and managers within sixty (60) days of the Court's execution of this Decree.

32. A copy of the Policy shall also be included in any relevant policy or employee manual maintained by Christini's. The Policy will also be kept and maintained in paper format in a conspicuous and accessible place for all employees of Christini's and printed in a font that is easily legible (at least 12 point font).

33. New employees will receive a copy of the Policy on or before their first day of work.

### ANNUAL ASSESSMENT OF EFFECTIVENESS OF POLICY AGAINST SEX DISCRIMINATION

34. Within one hundred twenty (120) days of the Court's execution of this Decree, Defendant shall conduct an anonymous workplace climate survey, via electronic or paper means, to assess the extent to which harassment is a problem in its workplace. The process of and participation in the survey shall be anonymous and confidential. No retaliation shall occur as a result of any response to the survey.

## TRAINING

35. Defendant shall provide for one-on-one training to Defendant owner, Chris Christakos, a/k/a Chris Christini, consisting of one and a half hours of live training on an annual basis during the term of this Decree (the "Management Training"). The first Management Training shall take place within ninety (90) days of the Court's execution of this Decree. The remainder of the Management Training sessions shall take place annually and no later than November 1st of each year throughout the duration of the Decree.

36. The Management Training shall include the following: (1) an explanation of the prohibition against sex discrimination and the prohibition against retaliation under Title VII; (2) an explanation of the rights and responsibilities of managers, supervisors, and employees under Title VII and Christini's Policy; (3) guidance on handling sex-based allegations and other EEO complaints and the need for confidentiality; and (4) training on gender equality and diversity training specific to gender diversity.

37. Defendant also shall provide all current employees with two (2) hours of live training (the "Employee Training"). The Employee Training shall take place within ninety (90) days of the Court's execution of this Decree. The remainder of the Employee Training sessions shall take place annually and no later than December 1st of each year throughout the duration of the Decree.

38. The Employee Training shall include the following: (1) an explanation of the prohibition against sex discrimination and the prohibition against retaliation under Title VII; (2) an explanation of the prohibition against a sexually hostile work environment; and (3) an explanation of the rights and responsibilities of managers, supervisors, and employees under Title VII and Christini's Policy including, but not limited to, complaint and investigation procedures;

(4) information and techniques that could help employees identify unwelcome and offensive behavior that is based on a co-worker's protected characteristic under employment non-discrimination laws, and the skills and confidence to intervene in some manner to stop harassment.

39. The Management Training and the Employee Training shall be conducted by a Subject Matter Expert ("SME") mutually agreed upon with the EEOC and Defendant and have no previous financial relationship with Defendant, its owner, or any of its attorneys, employees, or agents. The EEOC will not unreasonably withhold approval of a SME proposed to it by Defendant. Defendant agrees to provide the EEOC with at least three (3) weeks notice before conducting training sessions pursuant to this Decree. In the notice, Defendant shall notify the EEOC of the dates on which training is scheduled, the name and job title of the person(s)/organization who will conduct the training and the name and job title of each person who will attend the training. Within ten (10) business days following the training, Defendant shall provide the EEOC with a roster of employees and/or management who attended the training.

40. Defendant agrees to provide the EEOC, upon request, with any and all copies of pamphlets, brochures, outlines or other written materials provided to the participants of the training sessions. Defendant also agrees that the EEOC may, at the EEOC's discretion, be in attendance at any training session.

41. All costs incurred for the training required herein will be paid by Defendant.

## POSTING OF NOTICE

42. Within ten (10) business days from the Court's execution of this Decree, Defendant shall post an eleven (11) inches by fourteen (14) inches laminated copy of the Notice attached as Exhibit B to this Decree at Defendant's restaurant in a conspicuous location, easily accessible to and commonly frequented by Defendant's employees. The Notice shall remain posted for three

(3) years from the date of entry of this Decree. Defendant shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Within fifteen (15) business days from the Court's execution of this Decree, Defendant shall certify to the EEOC in writing that the Notice has been properly posted as described in this Paragraph.

## MONITORING AND REPORTING

43. Defendant shall furnish to the EEOC written Reports twice annually for a period of three (3) years following entry of this Decree. The first Report shall be due six (6) months after entry of the Decree and thereafter by June 30, and December 30 annually. Each such Report shall contain:

   a. A certification that the Notice required to be posted in Paragraph 42, above, remained posted during the entire six (6) month period preceding the Report.

   b. A description of each complaint of sex-based discrimination or retaliation received by Defendant within the six (6) month period preceding the Report, whether verbal or written, formal or informal, including the names, last known home addresses, home telephone numbers, and cellular telephone numbers of the complaining parties;

   c. A description of what action, if any, Defendant took in response to the complaint of discrimination or retaliation;

   d. The names of any witnesses to each complaint; and

   e. The resolution of each complaint occurring within the six (6) month period preceding the Report.

12

      f.    In the event there are no complaints of sex-based discrimination or retaliation, Defendant shall send the EEOC a "negative" report indicating no activity.

44. The EEOC may review compliance with any and all provision of this Decree.

45. As part of such review, the EEOC may inspect Defendant's facilities, interview employees, and examine and copy documents. Defendant will make all employees reasonably available to the EEOC, and shall permit employees to speak confidentially with the EEOC for purposes of verifying compliance with this Decree. The EEOC agrees to provide Defendant with at least 24-hour notice before seeking to inspect Defendant's facilities, interview employees, and examine and copy documents.

## NOTIFICATION OF SUCCESSORS

46. Defendant shall provide prior written notice to any potential purchaser of its business, or a purchaser of all or a portion of Defendant's assets, and to any other potential successor, of the EEOC's lawsuit, the allegations raised in the EEOC's Complaint, and the existence and contents of the Decree.

## DURATION OF THE DECREE

47. The duration of the Decree shall be in effect for a period of three (3) years immediately following the Court's execution of the Decree.

## DISPUTE RESOLUTION

48. In the event that the EEOC believes that Defendant has failed to comply with any provision(s) of the Decree, the EEOC will notify Defendant and Defendant must make a good faith attempt to cure any breach of the Decree within thirty (30) business days of notification. The thirty

(30) business days to cure provision of this Paragraph shall not apply, however, to the payments required by Paragraphs 12-15 above.

49. Following the thirty (30) business days to cure period, the EEOC shall have the right to seek Court intervention.

50. No party shall contest the Court's jurisdiction to enforce this Decree and its terms or the right of the EEOC to bring an enforcement suit upon breach of any of the terms of this Decree. Breach of any term of this Decree should be deemed to be a substantive breach of this Decree. The Court will retain jurisdiction over any such enforcement proceeding during the duration of this Consent Decree. Nothing in this Decree will be construed to preclude the EEOC from bringing proceedings to enforce this Decree in the event that Defendant fails to perform any of the promises or representations herein.

## COSTS

51. Each party to this Decree shall bear its own fees and costs associated with this litigation.

## NO CONDITIONAL RECEIPT

52. Defendant will not attempt to condition the receipt of individual relief upon an individual's agreement to: (a) maintain as confidential the terms of this Consent Decree; or (b) waive her statutory right to file a charge with any federal or state anti-discrimination agency.

SO ORDERED, ADJUDGED AND DECREED, this _____ day of _____, 2019.

_____
THE HONORABLE CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

AGREED TO:

FOR THE PLAINTIFF, U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

By: _____          Date: 2/15/19
Robert E. Weisberg, Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
Miami Tower
100 SE 2nd Street, Suite 1500
Miami, Florida 33131
Telephone: (305) 808-1789
Email: robert.weisberg@eeoc.gov

FOR THE DEFENDANT, CHRISTINI'S, INC.

By: _____          Date: 2/12/19
Chris Christakos, a/k/a Chris Christini,
Owner, CHRISTINI'S, INC.,
D/B/A CHRISTINI'S RISTORANTE ITALIANO

As to form:

By: _Alison Thomas FBN 102879 for_          Date: 2/13/19
Jonathan Vine, Esq.
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone: (561) 383-9203
Email: Jonathan.Vine@csklegal.com

15

# EXHIBIT A

## REFERENCE

Dear _____,

      This letter is in reference to your request for information regarding the employment of Jameslyn Marcisz.

      Ms. Marcisz served as a bartender for Christini's Ristorante Italiano from <u>August 2, 2015</u> to <u>March 10, 2017</u>. Company policy does not permit us to provide any additional information concerning Ms. Marcisz's employment. Ms. Marcisz is eligible for rehire.

      I hope this information is helpful and that it satisfactorily answers your inquiry.

Very truly yours,


_____
Chris Christini
Owner, Christini's Ristorante Italiano

# EXHIBIT B

## NOTICE TO ALL CHRISTINI'S EMPLOYEES

## NOTICE TO ALL CHRISTINI'S EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the U.S. District Court in <u>EEOC v. Christini's, Inc.</u>, Case No.: 6:18-cv-1609-CEM-TBS (M.D. Fla.). In this case, the EEOC alleged that Christini's discriminated against a female employee by subjecting her to a sexually hostile work environment, or sexual harassment. The EEOC also alleged that Christini's retaliated against her. Pursuant to a Consent Decree, the EEOC and Christini's have resolved the Complaint. Christini's has agreed to provide certain monetary and injunctive relief to resolve this action. However, Christini's denies any and all allegations in the Complaint, and by entering into this Consent Decree, Christini's has not admitted to any liability nor were there any findings of wrongdoing by the Court.

Title VII protects individuals from employment discrimination because of their sex. Christini's will not condone employment discrimination of any kind as set forth in federal anti-discrimination laws, including, but not limited to, sex discrimination or retaliation. It is the policy of Christini's to offer employment opportunities to all qualified employees and applicants, regardless of sex, race, color, religion, national origin, age, or disability. There will be no intentional discrimination in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act (ADEA), the Equal Pay Act (EPA) of 1963, the Americans with Disabilities Act (ADA), as amended, or the Genetic Information Non-Discrimination Act (GINA).

Christini's assures its employees that it supports Title VII and will not take any action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts or to file charges with the EEOC. Appropriate corrective action, up to and including termination, based upon the circumstances involved, shall be taken against any employee (including management personnel) found to have violated Christini's policy prohibiting discrimination.

EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, and age. If you believe you have been discriminated against, you may contact EEOC at (305) 808-1740. The EEOC charges no fees and has employees who speak many languages other than English.

This Notice must remain posted for three (3) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice may be directed to: Christini's Litigation Settlement, c/o Robert Weisberg, Regional Attorney, EEOC, Miami District Office, Miami Tower, 100 SE 2nd Street, Suite 1500, Miami, Florida 33131.

_____          2-14-2019
Chris Christini, Owner                          Date

19